UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TEZMONTA EVANS,

    Defendants.
_____/

Case No. 21-cr-20271

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA (ECF NO. 35) AND SETTING NEW DATES

### I. INTRODUCTION

On April 14, 2021, Defendant Tezmonta Evans ("Defendant") was charged in a criminal complaint with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), one count of use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c), and one count of distribution of and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).  ECF No. 1, PageID.1.  Subsequently, a grand jury charged Defendant in a seven-count Indictment with four counts of distribution of fentanyl in violation

1

of 21 U.S.C. § 841(a)(1), one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 7, PageID.18-21. The Indictment also includes a forfeiture allegation under 18 U.S.C. § 924(d), 21 U.S.C. §853(a), and 28 U.S.C. § 2461(c). *Id*. at PageID.21. On August 16, 2021, Defendant pled guilty to one count each of possession of cocaine base with intent to distribute and possessing a firearm in furtherance of drug trafficking crime.

Presently before the Court is Defendant's Motion to Withdraw Guilty Plea, filed on June 2, 2022. ECF No. 35. the Government filed a Response on June 16, 2022. ECF No. 37. Defendant did not file a Reply, and the deadline for doing so has expired. *See* E.D. Mich. L.R. 7.1(e)(1)(B). The Court held a hearing on the matter on September 26, 2022. ECF No. 38. For the following reasons, the Court will **DENY** Defendant's Motion to Withdraw Guilty Plea (ECF No. 35).

## II.  BACKGROUND

### A. The Present Offense

On February 2, 2020, Defendant sold fentanyl to a LAWNET confidential informant (hereinafter "CI") in Ypsilanti, Michigan. ECF No. 1, PageID.3. He made

2

additional sales to the CI on February 9, 2020, February 18, 2020, and March 9, 2021. *Id.* at PageID.3-7.

As a result of the narcotics sales, Michigan State Police Emergency Services Team ("EST") and LAWNET detectives executed a search warrant at Defendant's residence in Canton, Michigan, on March 10, 2021. *Id*. at PageID.8. Defendant was present at the residence and was found sleeping on the bed in the master bedroom. *Id*. The EST detectives cleared the location and searched for evidence. During the search, agents seized, among other things:

> (1) $13,000 in a safe on the top of shelf of the master bedroom closet;
> (2) about 25 grams of crack cocaine in the nightstand next to the bed where Defendant was sleeping;
> (3) about 17 grams of a mixture containing fentanyl and heroin in the nightstand next to the bed where Defendant was sleeping;
> (4) a Spike's Tactical Model ST15 Crusader, .223 caliber rifle with an obliterated serial number loaded with 26 rounds and one in the chamber, found on the top shelf of the master bedroom closest next to the safe containing $13,000;
> (5) ammunition;
> (6) a pro mag extended round magazine in the top shelf of the nightstand; and,
> (7) drug paraphernalia including a scale found on the nightstand and a cocaine press found in the master bath vanity.

ECF No. 37, PageID.286. On April 20, 2021, Defendant was arrested pursuant to the criminal complaint in this case. *Id.*, *see* ECF No. 1. "At the time of his arrest,

3

[Defendant] had a Ruger LCP .380 firearm, $5,080 in cash, about 14 grams of fentanyl, and about 4 grams of crack on his person." ECF No. 37, PageID.286.

### B. Defendant's Criminal History

Defendant has several prior felony convictions, beginning in 2008 and continuing through 2016. ECF No. 1, PageID.10. Seven of these were controlled substance offenses. Prior to the instant case, Defendant was convicted for three weapons-related felonies. *Id*. He has also been convicted for violent felonies. For example, Defendant was most recently convicted in 2016 for assault with intent to do great bodily harm less than murder (Defendant shot his victim in the leg). ECF No. 37, PageID.287.

### C. Procedural Background

Defendant was subsequently charged in a seven-count Indictment. *See* ECF No. 7.

> Counts 1 through 4 charge distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count 5 charges possession of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count 6 charges possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and Count 7 charges felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

4

ECF No. 37, PageID.286-287. The Indictment does not include any charges based on the firearm, fentanyl, and crack cocaine seized from Defendant on April 20, 2021. *Id*. at PageID.287.

Defendant was arraigned on April 23, 2021. ECF No. 9. He and his counsel acknowledged that he received a copy of the Indictment and understood the mandatory minimum (where applicable) and maximum penalties on Each count on April 23, 2021. *See* ECF No.10. On April 26, 2021, Defendant appeared for a detention hearing before Magistrate Judge Anthony P. Patti, who ordered Defendant detained pending trial. ECF No. 13.

On August 16, 2021, Defendant entered a guilty plea to Count 5 (possession of cocaine base with intent to distribute) and Count 6 (possession of a firearm in furtherance of a drug trafficking crime). ECF No. 20, PageID.104. At the plea hearing, the Government put on the record its belief that Defendant is a career offender and stated Defendant's sentencing guideline range is 262-327 months. ECF No. 36, PageID.259-260. When the Court asked Defendant if he understood the meaning of the career offender recommendation, he responded that he did but did not agree with the recommendation. *Id*. at PageID.268-269.

During his Rule 11 plea colloquy, Defendant confirmed that he was satisfied with the advice he received from his counsel and that counsel was able to answer

5

any questions he had about the charges. *Id*. at PageID.265. Defendant also told the Court that he and his counsel went over all the terms and conditions of the plea agreement. *Id*. The Court advised Defendant of the maximum possible sentences on Counts 5 (20 years) and 6 (life in prison). *Id*. at PageID.266. Defendant also stated that there was nothing represented to him as part of the deal that was not included in the written plea agreement. *Id*. at PageID.271. Defendant filed his signed plea agreement on August 25, 2021. *See* ECF No. 20.

On January 13, 2022, Defendant's counsel filed a Motion for Leave to Withdraw Representation. *See* ECF No. 27. Then, on January 28, 2022, Defendant filed a Motion for Withdrawal of Attorney. *See* ECF No. 30. On March 4, 2022, this Court granted Defense counsel's Motion for Leave to Withdraw Representation of Defendant, finding Defendant's Motion for Withdrawal of Attorney moot. *See* ECF. No. 31. On the same day, this Court ordered the Federal Community Defender to appoint new counsel to represent Defendant in this case. *See* ECF No. 32. Current counsel, James W. Amberg, accepted the appointment on March 9, 2022. On June 2, 2022, Defendant filed a Motion to Withdraw his Plea of Guilty. *See* ECF No. 35. The government responded to Defendant's Motion on June 16, 2022. ECF No. 37.

Defendant now argues that he should be permitted to withdraw his guilty plea because he made the decision to plead "without a full explanation or understanding

6

of the Government's proof requirements of Count 6." ECF No. 35, PageID.241. Defendant also argues that prior to entering his plea agreement, he "discussed with his prior counsel the possibility of a sentence of 7-8 years," which "was highly improbable, and a much longer sentence was far more likely to be given." *Id*. at PageID.242. Finally, Defendant claims that "he never discussed challenging the evidence, never effectively went through his discovery with his counsel prior to pleading, and [prior counsel] did not attempt to file [Defendant's] requested suppression motion." *Id*. Therefore "[Defendant's] plea was not voluntary and was an impairment of his substantial rights." *Id*. The Government opposes this Motion, asserting that Defendant has not provided a justifiable basis to warrant the withdrawal of his plea. *See generally* ECF No. 37.

### III. LAW & ANALYSIS

**A. Legal Standard**

To prevail on a Motion to Withdraw a guilty plea, Defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The Sixth Circuit has identified the factors to be considered to determine whether the defendant has set forth a "fair and just reason" for the withdrawal of the plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant

7

has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Goddard*, 638 F.3d 490, 494 (6th Cir. 2011). "These factors represent a general, non-exclusive list and no one factor is controlling." *Id*. (quoting *U.S. v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)) (internal quotation marks omitted).

### B. Discussion

Here, none of the *Ellis* factors weigh in Defendant's favor.

With respect to the first factor—the amount of time between the plea and the Motion to Withdraw—Defendant waited nearly 10 months to file the instant Motion. The Sixth Circuit has affirmed decisions to deny motions to withdraw guilty pleas based on far shorter delays. *See, e.g.*, *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir 1998) (four-month delay); *United States v. Durham*, 178 F.3d 796, 799 (6th Cir. 1999) (77-day delay); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (67-day delay); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (55-day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (5-week delay). Even if this Court were to assume that the delay was caused by Defendant's prior counsel, the delay between when the Defendant pleaded guilty (August 16, 2021) to when he emailed his attorney expressing misgivings about his plea deal (October 19,

8

2021) was 64 days, which the Sixth Circuit has found to be excessive delay. *Goldberg*, 862 F.2d at 104.

With respect to the second factor—whether a valid reason exists for the defendant's failure to move for withdrawal earlier in the proceedings—the Government correctly notes in its Response to Defendant's Motion that Defendant lacks a valid reason for the delay. *Id.* Even after the appointment of new counsel on March 9, 2022, Defendant did not file the present Motion until June 2, 2022, 86 days later. Under Sixth Circuit precedent, significant time has passed since the plea and the Motion to Withdraw it, and neither the first nor second *Ellis* factor weighs in favor of Defendant. *See Spencer*, 836 F.2d at 239.

The third *Ellis* factor—whether the defendant has asserted or maintained his innocence—also weighs against granting relief. Defendant claims that the Government would not have been able to establish a sufficient connection between the weapon at issue and the drug trafficking, based on *Bailey v. United States*, 516 US 137 (1995) (superseded by statute). ECF No. 35, PageID.240. He now asserts that his prior counsel did not properly inform him of the Government's proof requirements on Count 6, suggesting he would not have signed his plea agreement if he had been properly informed. *Id.* at PageID.240-41.

9

However, this argument does not warrant the withdrawal of Defendant's guilty plea. At his plea hearing, Defendant answered in the affirmative when asked if he knew that he was in possession of crack cocaine and if he was using the weapon seized from his residence in connection with distributing the cocaine. ECF No. 36, PageID.276. Defendant also answered in the affirmative when asked if he was pleading guilty freely and voluntarily and admitted he was pleading because he was guilty of both Counts 5 and 6. *Id*. at PageID.272.

Defendant does not assert his innocence. Instead, he only maintains that the Government would not have been able to prove Count 6 and that his prior counsel provided deficient assistance. As the Government noted in its Response to Defendant's Motion, "[D]efendant has admitted to all of the facts necessary to support a conviction under § 924(c), has admitted knowledge of all of the necessary elements of that offense, and thus, is in fact guilty of that offense." ECF No. 37, PageID.299. With the information provided in his Motion, Defendant has not demonstrated that withdrawal is warranted under the third factor.

The fourth *Ellis* factor asks the Court to consider the circumstances underlying the entry of the guilty plea. During the plea hearing, the Court not only advised Defendant of his constitutional rights, but also confirmed that Defendant was entering his guilty plea both knowingly and voluntarily. *See* ECF No. 36,

10

PageID.272.  While Defendant now claims that he was misled by his prior counsel's erroneous sentencing estimations, at his plea hearing, Defendant indicated that he understood that the Court would ultimately decide his sentence. *Id*. at PageID.272-273.  Defendant also admitted that he understood that the Court is not bound to any other representations made to him that were not included in the plea agreement. *Id.* at PageID.272.  Consequently, this factor weighs against relief.

As to the fifth factor, Defendant does not allege that anything in his nature or background provides justification for the withdrawal of his guilty plea.  To the contrary, Defendant was thirty-one years old at the time of his plea, had completed his GED and an electrical training program, and denied having any mental health problems.  ECF No. 36, PageID.264.  Moreover, when he entered his plea, Defendant was not taking any medications, other than Claritin, and was not under the influence of any drugs or alcohol. *Id*.  Further, the Court made specific findings that Defendant was fully competent and capable of entering an informed plea, and that he was aware of the nature of the charges and consequences of the plea. *Id.* at PageID.264-271.  Thus, this factor therefore militates against relief as well.

The sixth factor, which considers the degree to which Defendant has prior experience with the criminal justice system, likewise weighs against relief.  As stated above, Defendant has a lengthy criminal history, with felony convictions

11

dating back to 2008. ECF No. 1, PageID.10. Defendant was most recently convicted in 2016 for assault with intent to do great bodily harm less than murder (Defendant shot his victim in the leg). ECF No. 37, PageID.287. Although Defendant argues that his criminal history should be ignored because this is his first time being prosecuted federally, Defendant's prior felony convictions were obtained through plea agreements or plea of nolo contendere. ECF No. 1, PageID.10. Defendant's prior experiences tend to show that he is familiar with the criminal justice system and the consequences of a guilty plea. *See United States v. Benton*, 639 F.3d 723, 727-28 (6th Cir. 2011) ("Benton's present positive endeavors do not erase his prior experience with the criminal justice system, which tends to show that Benton was intimately familiar with the system and was aware of the ramifications of entering his guilty plea.").

Finally, the Government does not proffer an argument regarding potential prejudice if withdrawal is granted, instead asserting that Defendant has failed to meet his burden on the preceding six factors. ECF No. 37, PageID.303. Because the Government is not required to address this factor "until the defendant advances and establishes a fair and just reason for allowing the withdrawal," the Court need not address how Defendant's requested relief would potentially prejudice the Government. *Benton*, 639 F.3d at 729.

12

Defendant has failed to demonstrate how any of the relevant factors indicate that withdrawal of his guilty plea is warranted. Therefore, the Court will deny Defendant's Motion to Withdraw Guilty Plea (ECF No. 35). As discussed on the record, the Court will allow Defendant's new counsel the opportunity to respond to the Government's Sentencing Memorandum (ECF No. 25).

### IV. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw Guilty Plea (ECF No. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Sentencing Memorandum and /or Objections to the Government's Sentencing Memorandum (ECF No. 25) are due by **11:59 p.m. on November 16, 2022**.

**IT IS FURTHER ORDERED** that the Parties are ordered to appear for a Sentencing Hearing on **December 13, 2022 at 3:00 p.m.**

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: September 27, 2022

13

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 27, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager